**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

FATIMA J.,

        *Plaintiff,*

v.

COMMISSIONER OF SOCIAL
SECURITY,

        *Defendant.*

_____/

Case No. 1:23-cv-11935

Patricia T. Morris
United States Magistrate Judge

## ORDER GRANTING IN PART PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES (ECF No. 17)

### I.   Introduction

This is a social security case.  The parties have consented to the Undersigned "conducting any or all proceedings in this case, including entry of a final judgment and all post-judgment matters."  (ECF No. 10).  The case was remanded by stipulation of the parties for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 13).

Before the Court is Plaintiff's counsel's motion for attorney fees under 42 U.S.C. § 406(b)(1).  (ECF No. 17).  For the reasons explained below, this motion will be **GRANTED IN PART**.  Petitioner will be awarded 406(b) attorney fees in the amount of $15,024 for work performed in this Court.

1

## II.    **Background**

Petitioner represented Plaintiff in the underlying matter.  When retaining Petitioner, Plaintiff executed a fee agreement agreeing to pay up to 25% of any awarded past-due benefits as attorney fees.  (ECF No. 17-2, PageID.927).  Plaintiff has since won her case.

On August 7, 2023, Plaintiff filed a complaint appealing the denial of benefits. (ECF No. 1).  This appeal was successful.  On December 7, upon stipulation of the parties, the Court remanded this case to the Commissioner for further proceedings. (ECF No. 13).  A couple of weeks later, the Court entered a stipulated order awarding Petitioner attorney fees and costs in the amount of $7,240.72 under the Equal Access to Justice Act (EAJA).  (ECF No. 15).

Since then, Plaintiff has been awarded significant past-due benefits as well as ongoing monthly benefits.  (ECF No. 17, PageID.899–900).  Petitioner now moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) for work performed in this Court.  Petitioner requests $36,577.75 (which is 25% of the eligible past-due benefits) minus the previously awarded $7,240.72 in EAJA fees for a net total of $29,337.03.  (*Id.* at PageID.900–01).

## III.    **Legal Standard**

"The prescriptions set out in [42 U.S.C.] §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security

benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002).  Section 406(a) addresses payment for representation in administrative proceedings before the Commissioner, whereas § 406(b) deals with payment for representation in court.

Under § 406(a)(A), where a claimant is entitled to past-due benefits, a fee may be paid to the claimant's representative for services rendered at the administrative level.  If the representative worked for a contingency, then that fee may not exceed the lesser of 25% of the amount of past-due benefits or $6,000.  42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II); Maximum Dollar Amount in the Fee Agreement Process, 74 Fed. Reg. 6080–02 (Feb. 4, 2009); *see Gisbrecht*, 535 U.S. at 794–95.  Although contingency fees at the administrative level are generally capped at $6,000, a claimant's representative may petition the administrative law judge to award fees in excess of the $6,000 cap.  42 U.S.C. § 406(a)(3).

Under § 406(b), where a claimant is "represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation."  42 U.S.C. § 406(b)(1)(A).  However, that award must not exceed "25 percent of the total of the past-due benefits."  *Id.*  Notably, unlike awards for work performed at the administrative level, awards for work before the district court are not capped at $6,000.  *See id.*

Although fees awarded under § 406(a) and § 406(b) are both capped at 25% of past-due benefits, both awards are to be considered separately; an attorney's

*aggregate* fees are not capped at 25%. *Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019). Put another way, an attorney may receive up to 25% of past-due benefits for his or her work at the administrative level *and* he or she may also receive up to 25% for work in the judiciary. *Id.* Thus, attorneys "may receive total fees exceeding twenty-five percent of the claimant's benefits award." *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457 (6th Cir. 2016).

To award attorney fees under § 406(b), a district court must decide if the request is reasonable. *See Gisbrecht*, 535 U.S. at 809. "There is a rebuttable presumption that a contingent fee equal to 25% of past due benefits is reasonable, if agreed upon between the claimant and the attorney." *Thompson v. Comm'r of Soc. Sec.*, No. 20-12463, 2022 WL 19333290, at *1 (E.D. Mich. Aug. 25, 2022) (citing *Rodriquez v. Bowen*, 865 F2d 739, 746–47 (6th Cir. 1989)). "Within the 25 percent boundary, prevailing counsel bears the burden of showing that the fee sought is reasonable for the services rendered." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). In determining whether a fee is reasonable, the Sixth Circuit has favorably viewed courts utilizing the following factors: the effective hourly rate, whether counsel delayed in filing the § 406(b) motion, and the complexity of the representation. *Id.* 309–10.

## IV.   <u>Analysis</u>

As stated above, Petitioner requests $36,577.75 (which is 25% of the eligible past-due benefits) minus the previously awarded $7,240.72 in EAJA fees for a net total of $29,337.03 in attorney fees under § 406(b).  (ECF No. 17).  Through Petitioner's representation both in this Court and at the administrative level, Plaintiff has received past-due benefits exceeding $100,000, as well as ongoing monthly benefits.

First, the Court recognizes that Plaintiff executed a fee agreement wherein she agreed to pay up to 25% of her past-due benefits in attorney fees.  Next, the Court acknowledges that the requested fees represent 25% of the eligible past-due benefits. But Petitioner requests a large fee. "Deductions to large fees are only made in two situations: '1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Kepic v. Comm'r of Soc. Sec. Admin.*, No. 1:17-CV-2422, 2021 WL 1267650, at *1 (N.D. Ohio Apr. 6, 2021) (quoting *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 421 (6th Cir. 1991)).  Only the second situation is relevant here.

> [T]he Sixth Circuit has held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the

claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."

*Id.* (quoting *Hayes*, 923 F.2d at 422).

Petitioner's time sheet reflects that 32.8 hours were spent on the case. (ECF No. 17-2, PageID.930). $36,577.75 divided by 32.8 results in an hourly rate of $1,115.18. Pursuant to *Hayes*, the Court must determine whether this hourly rate is more than double the relevant standard rate. The Sixth Circuit has not endorsed "any single methodology" for calculating the relevant standard rate. *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 645 (6th Cir. 2025). However, in *Tucker* the Sixth Circuit affirmed a fee award where the district court considered both the 1997 EAJA rate of $125 and the hourly rate of $236.25 listed on the petitioner's time sheet. *Id.* at 646–47. The Court will thus adopt this approach to determine the standard rate in this case.

The EAJA rate is $125. Petitioner lists two different hourly rates on the submitted time sheet. The first is $120 per hour for paralegal time. The second is $240 for attorney time. Doubling the EAJA rate and the provided rate for attorneys results in a range of $250 to $480 per hour for attorney time. The hourly rate of $1,115.18 thus far exceeds both and may constitute a windfall. Indeed, the requested fee results in an hourly rate that is nearly nine times the EAJA rate of $125 and more than four times the listed rate of $240, and does not differentiate between paralegal time and attorney time. *See Hayes*, 923 F.2d at 422 (approving discretionary

6

consideration of "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case" (internal quotations and citations omitted)).

Due to inflation and the nature of contingency representation, the Court finds the rates listed on Petitioner's time sheet to be the standard rates. Petitioner's time sheets show three hours of paralegal work and 29.8 hours of attorney work. Doubling those rates pursuant to *Hayes* results in hourly rates of $240 for paralegal work and $480 for attorney work. $240 multiplied by the three hours worked results in $720. $480 multiplied by the 29.8 hours worked results in $14,304. Adding $720 and $14,304 together results in a total award of $15,024.

Moreover, $15,024 is a reasonable fee in light of the average number of hours worked on the case, Petitioner's need to draft a motion for summary judgment prior to remand, and the experience and expertise of the attorneys who worked on the case. *See Tucker*, 136 F.4th at 648 ("Counsel's 34.8 hours fell within the range we have considered 'average' in social security cases."). The Court does not find a higher award would be reasonable, in part, because Petitioner's motion for 406(b) fees is sparse and relies on Seventh Circuit rather than Sixth Circuit precedent. (*See* ECF No. 17, PageID.901).

## V.   <u>Conclusion</u>

For these reasons, the Court **GRANTS IN PART** Petitioner's motion for attorney fees under § 406(b)(1) (ECF No. 17).  The fee award is $15,024.  Rather than requiring Petitioner to refund EAJA fees, the Court deducts $7,240.72 for a **net total award of $7,783.28**.  These fees may be paid directly to counsel from Plaintiff's past-due benefits.

**IT IS SO ORDERED.**

Date:  July 28, 2026                                     s/ PATRICIA T. MORRIS
                                                         Patricia T. Morris
                                                         United States Magistrate Judge